IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 12-0043-KD |
| ) | |
| FRANK M. HOWARD, ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on defendant's Motion in Limine (doc. 22). The Motion has been briefed and is now ripe for disposition.

Defendant Frank M. Howard is charged in a single-count Indictment with the offense of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The Indictment alleges that Howard possessed the firearm (a Glock, model 23, .40 caliber semi-automatic pistol) on or about April 28, 2011.

According to the Government's brief, the underlying facts giving rise to the § 922(g)(1) charge are these: On April 28, 2011, City of Prichard Police Officer Aaron Tucker received notice to be on the lookout for a gray Cadillac with chrome rims that was believed to have been involved in certain crimes. Officer Tucker and three colleagues proceeded to the address where the vehicle was believed to be located. At that time, they observed a vehicle matching that description parked in front of an abandoned residence. Three individuals were inside the Cadillac, including the defendant, Frank M. Howard, who was in the driver's seat, as well as two other men, one in the front passenger seat and the other in the rear passenger seat. When the three men exited the vehicle as directed by the officers, the officers smelled marijuana and observed what appeared to be marijuana and cocaine in plain view on the front driver and front passenger seats. Howard and the other front-seat occupant were arrested on controlled substance charges. When the rear-seat passenger was patted down, a .40 caliber Hipoint pistol (not the firearm at issue in this Indictment) was found in his waistband, so he was also arrested and charged with illegal gun possession.

As a result of these events, all three occupants of the gray Cadillac (which was registered to Howard) had been arrested. Consequently, none of them were available to move the vehicle from the scene. Per police department policy, the vehicle could not be left unattended at that location; therefore, Officer Tucker and his colleagues decided to have it towed. Prior to having the Cadillac towed, law enforcement officers conducted a routine vehicle inventory to create a record of its contents. That search revealed a .40 caliber Glock pistol in the glove compartment. The § 922(g)(1) charge against Howard followed.[1]

Howard now moves *in limine* for an order barring the Government from introducing evidence concerning the controlled substances found in the Cadillac at the time of his arrest. According to defendant, this evidence is not relevant to the § 922(g) charge and should be excluded under Rule 401, Fed.R.Evid. Alternatively, defendant maintains that the drug evidence should be excluded under Rule 403, Fed.R.Evid., because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The Government's position is that evidence of the drugs found in the front seat of the gray Cadillac is relevant and admissible as "an essential part of the chain of events explaining the context of the Defendant's possession of the .40 caliber Glock pistol." (Doc. 23, at 4.) By way of elaboration, the Government says it needs to explain to the jury how the officers found the Glock in order to complete the story of the crime. In the Government's view, that explanation requires evidence of the vehicle inventory search, which in turn calls for an explanation of the reason for that inventory search. Without the drugs being observed when Howard and the other two suspects exited the vehicle, Howard would not have been placed under arrest. And Howard's arrest that night was the *raison d'etre* for the vehicle inventory search. Had Howard not been arrested, there would have been no need for law enforcement to have the Cadillac

---

[1] To be clear, the Indictment does <u>not</u> charge Howard with any firearms offenses relating to the controlled substances found in the Cadillac. He was not charged, for example, with violating 18 U.S.C. § 922(g)(3) (possession of a firearm by an unlawful user of controlled substances) or with violating 18 U.S.C. § 924(c) (possession of a firearm during and in relation to a drug trafficking crime). The controlled substances found in the vehicle do not directly establish any of the elements the Government must prove beyond a reasonable doubt to convict Howard of the charged offense of being a convicted felon in possession of a firearm.

towed (and hence no need to inventory it) because Howard could have driven it from the scene himself. Simply put, then, the Government maintains that the drug evidence as essential to its explanation to the jury of how law enforcement came to search the vehicle and locate the Glock that forms the basis of the charge against Howard. Without the drug evidence, there would be a substantial unexplained hole in the Government's narrative of the events of April 28, 2011, because the jury would never hear why law enforcement agents performed the inventory search of the Cadillac that resulted in seizure of the Glock.

As a general proposition, evidence of uncharged criminal activity is admissible in circumstances where it is "necessary to complete the story of the crime, or … inextricably intertwined with the evidence regarding the charged offense." *United States v. Spoerke*, 568 F.3d 1236, 1250 (11th Cir. 2009) (citation omitted); *see also United States v. US Infrastructure, Inc.*, 576 F.3d 1195, 1210 (11th Cir. 2009) (evidence of other acts is admissible when it is "linked in time and circumstances with the charged crime and concerns the context, motive or setup of the crime … or is necessary to complete the story of the crime") (citation omitted). In this case, the Government reasonably needs to present the drug evidence to tell the jury the complete story of how law enforcement officers came to discover a firearm in the Cadillac's glove compartment. "[E]vidence of [Howard]'s actions prior to the discovery of the firearm gives the jury the body of the story, not just the ending." *United States v. Wright*, 392 F.3d 1269, 1276 (11th Cir. 2004). It is therefore relevant. Although defendant insists that that the Government "can do without the evidence" (doc. 24, at 2) in proving up its case against Howard, the Court disagrees. The jury should hear evidence of the entire sequence of events, not just the last event taken in a vacuum, without the benefit of any context or factual framework whatsoever. *See Spoerke*, 568 F.3d at 1251 (finding that "government was permitted to refer to the chain of events, including the search of the vehicle and arrest of Spoerke, that was an integral and natural part of the crime [and] completed the story for the jury"); *Wright*, 392 F.3d at 1276 ("If the jury had merely heard evidence of the last event – the discovery of the firearm – the jury would be relegated to its own, and possibly incorrect, assumptions about the events prior to officers finding the weapon.").

As shown by the foregoing, there can be no reasonable debate that evidence of the officers' finding of controlled substances in the Cadillac is relevant. Indeed, "[t]he probative value of this evidence is demonstrated by the need to put a cohesive sequence of the crime before

the jury." *Wright*, 392 F.3d at 1276-77. That leaves the question of whether the evidence passes Rule 403 scrutiny. Under Rule 403, otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury …." Rule 403, Fed.R.Evid. But Rule 403 is an "extraordinary remedy … which should be used sparingly since it permits the trial court to exclude concededly probative evidence." *United States v. Fallen*, 256 F.3d 1082, 1091 (11th Cir. 2001); *see also United States v. Mills*, 704 F.2d 1553, 1560 (11th Cir. 1983) ("[T]he application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."). "[T]he balance should be struck in favor of admissibility." *United States v. Edouard*, 485 F.3d 1324, 1344 n.8 (11th Cir. 2007) (citation and internal quotation marks omitted). In that regard, "[f]or the purpose of completing the story, this court has allowed the introduction of evidence of circumstances that were not part of the crime charged, even though the evidence was extremely prejudicial to the defendant." *United States v. Sheffield*, 992 F.2d 1164, 1170 (11th Cir. 1993); *see also United States v. Rushen*, 2012 WL 512675, *2 (11th Cir. Feb. 16, 2012) (affirming trial court's admission of evidence in credit union robbery trial that defendant had used cocaine on the morning of the robbery where such evidence "was necessary to complete the story of the crime"); *United States v. Duffy*, 2009 WL 235669, *1 (11th Cir. Feb. 3, 2009) (in trial of defendant charged with being a felon in possession of a firearm, evidence that defendant had attempted a residential burglary on morning of offense "was necessary to complete the story of the felon-in-possession crime" because it "explained why police were in the neighborhood and why they stopped Duffy"); *Wright*, 392 F.3d at 1276 (evidence of defendant's battery on law enforcement agent prior to discovery of firearm giving rise to felon-in-possession charge held admissible); *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992) (no error in district court's admission of evidence that defendant in firearm possession case had committed a double murder, where such evidence explained how defendant came to possess the shotgun and was necessary to complete the story of the crime).

Upon careful consideration, the Court finds no reason to apply the sparing and extraordinary Rule 403 remedy here. The probative value of the challenged evidence is obvious and substantial, inasmuch as it is necessary for the Government to explain how it found the Glock in a vehicle registered to Howard. Nor is that considerable probative value outweighed by

any showing of Rule 403 unfair prejudice to Howard, particularly in light of the decisional authority identified *supra* touting the importance of allowing the Government to complete the story of the crime even when that story works prejudice on the defendant.

For all of the foregoing reasons, defendant's Motion in Limine (doc. 22) is **denied**.

DONE and ORDERED this 1st day of June, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE